**GIBSON, DUNN & CRUTCHER LLP**
J. Eric Wise
Shira D. Weiner
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Proposed Attorneys for the Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
IN RE:                                        :    Chapter 11
                                              :
NEWLAND INTERNATIONAL                         :    Case No. _____
PROPERTIES, CORP.,                            :
                                              :
                                              :
        Debtor.                               :
                                              :
------------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) PROVIDING
EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF
FINANCIAL AFFAIRS; AND (B) WAIVING REQUIREMENT TO FILE SAME IF
PLAN BECOMES EFFECTIVE PRIOR TO EXPIRATION OF SUCH EXTENSION**

Newland International Properties, Corp., as debtor and debtor in possession (the

"***Debtor***"), submits this motion (the "***Motion***") for entry of an order, substantially in the form

annexed hereto as ***Exhibit A***, pursuant to sections 105(a) and 521(a)(1)(B) of title 11 of the

United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy

Procedure (the "***Bankruptcy Rules***"), (a) extending the time to file schedules and statements of

financial affairs; and (b) waiving the requirement to file the same if the Plan (as defined below)

becomes effective prior to the expiration of such extension.  In support thereof, the Debtor respectfully represents:[1]

## BACKGROUND

A. **The Chapter 11 Filings**

1. On the date hereof (the "***Petition Date***"), the Debtor commenced a case (the "***Chapter 11 Case***") under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No request has been made for the appointment of a trustee or an examiner in this Chapter 11 Case.  No official committee has been appointed by the Office of the United States Trustee.

B. **The Debtor's Business**

3. The Debtor is a real estate development company established exclusively to develop the "Trump Ocean Club International Hotel & Tower" in Panama City, Panama (the "***Trump Ocean Club***") and the related amenities.

4. Trump Ocean Club is a multi-use luxury tower overlooking the Pacific Ocean, with luxury condominium residences, world-class hotel condominium units, a limited number of offices and premier leisure amenities.  Trump Ocean Club is located on the Punta Pacifica Peninsula – one of the most exclusive neighborhoods in Panama City, on approximately 2.8 acres of land, including approximately 295 lineal feet of oceanfront.  The Trump Ocean Club

---

[1] A description of the Debtor's business and the reasons for filing the Chapter 11 Case is set forth in the *Declaration of Carlos A. Saravia, Chief Operating Officer of Newland International Properties, Corp., in Support of the Debtor's Chapter 11 Petition and First Day Motions and in Accordance with Local Rule 1007-2*, executed on April 30, 2013 (the "***Saravia Declaration***").  The facts supporting the Motion are set forth in the Saravia Declaration.

2

tower has 69 floors of construction, three of which are technical floors dedicated to critical machinery, with the remaining floors including, among other things, 630 luxury residential condominium units and 369 world-class hotel condominium units, a pier facility, pool deck, 30 boutique shops, 64 office lofts, restaurants and 1592 parking spaces. The construction of the building is finished and the hotel is currently in operation, as are the residences, offices, boutiques and restaurants. The developers are now finishing a private beach club located on Viveros Island, which is scheduled to be completed in September 2013. Newland also announced an agreement with a globally-recognized gaming group which plans to operate a 75,000 square foot casino in the building as well as acquire important real estate units to complement its gaming business. The transaction remains subject to the fulfillment of certain conditions for filing and obtaining the necessary authorizations from the Panamanian Government. Operating under the internationally recognized Trump brand name, Trump Ocean Club is a unique development not only in Panama, but also in the Central American and Caribbean regions.

5. As of April 23, 2013, sellout totals approximately $530.2 million, consisting of 604 sold units aggregating $239.2 million and 495 available units aggregating $290.9 million. Of the 604 units sold, 554 units have "closed."[2] From January 2012 through April 23, 2013, Newland sold 50 units in gross sales (before broker commissions) in an aggregate amount of $19.3 million. Average price per square meter for residential units, condo-hotel units and commercial space amounted to $3,075, $4,871 and $6,126, respectively. The 495

---

[2] A unit is considered "closed" when the buyer has paid the remaining balance and has signed the deed.

3

units of available inventory include 291 residential condominium units, 201 hotel condominium units, 2 restaurant spaces, and the casino.

6.  As of the Petition Date, the Debtor has approximately 40 direct employees, all of whom work in the Debtor's corporate headquarters in Panama City, Panama. The Debtor's management is employed by the Debtor through Arias, Serna y Saravia, S.A. For the year ended December 31, 2012, the Debtor's net loss was approximately $50.6 million. As of the Petition Date, the Debtor's debt is approximately $287 million.

C.  **The Proposed Restructuring**

7.  Prior to the Petition Date, the Debtor commenced the solicitation of votes with respect to the *Prepackaged Plan of Reorganization for the Debtor Under Chapter 11 of the Bankruptcy Code*, dated March 29, 2013 (including all exhibits and supplements thereto, the "***Plan***"), which Plan, together with its related Disclosure Statement, dated March 29, 2013 (including all exhibits and supplements, the "***Disclosure Statement***"), have each been filed contemporaneously herewith.[3]

8.  If confirmed, the Plan will implement the agreed restructuring of the Debtor's obligations to the holders (the "***Prepetition Noteholders***" and each a "***Prepetition Noteholder***") of the Debtor's 9.50% Senior Secured Notes due 2014 (the "***Prepetition Senior Secured Notes***"), provide for the payment in full or otherwise render Unimpaired all general unsecured claims, and effect the cancellation of the Prepetition Senior Secured Notes and the issuance of new notes in exchange for such cancellation.

---

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan and Disclosure Statement.

9. Before soliciting votes on the Plan, the Debtor engaged in extensive negotiations with a steering group of Prepetition Noteholders, collectively holding or controlling approximately 42% of the outstanding principal amount of the Prepetition Senior Secured Notes (the "**Steering Group**"), regarding the terms of a financial restructuring of the Debtor's business. As a result of these negotiations, the Debtor reached an agreement (the "**Plan Support Agreement**") with Prepetition Noteholders holding approximately 62% of the outstanding principal amount of the Prepetition Senior Secured Notes as to the terms of a restructuring of the Prepetition Senior Secured Notes that will implement a feasible capital structure and a sound business plan for the Debtor. The Plan incorporates the terms of all of the related prepetition agreements, including the Plan Support Agreement.

10. By separate motion, the Debtor is requesting a hearing to confirm the Plan within 28 days of the Petition Date.

## JURISDICTION AND VENUE

11. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

12. By this Motion, the Debtor seeks entry of an order (a) granting the Debtor a total of 62 days from the Petition Date (the "**Extension Period**") to file the Schedules and Statements (as defined below), without prejudice to the Debtor's ability to request an additional extension of time should it become necessary; and (b) waiving the requirement to file the Schedules and Statements if the Plan becomes effective prior to the expiration of the Extension Period.

5

**BASIS FOR RELIEF REQUESTED**

13.     Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtor is required, within 14 days from the Petition Date (the "*Schedules Deadline*"), to file with the Court:  (a) a schedule of assets and liabilities; (b) a schedule of current income and expenditures; (c) a schedule of executory contracts and unexpired leases; and (d) a statement of financial affairs (collectively, the "*Schedules and Statements*").

14.     Under Bankruptcy Rule 1007, however, the Debtor may obtain an extension of the Schedules Deadline for cause.  In addition, the Court has authority under section 521(a) of the Bankruptcy Code to grant the Debtor's requested waiver of the requirement to file their Schedules and Statements.  Finally, section 105(a) of the Bankruptcy Code gives the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

A.     **Cause Exists to Extend the Time for Filing of the Schedules and Statements**

15.     In this Chapter 11 Case, the Debtor has concurrently filed a motion for an order setting a combined hearing to approve its Disclosure Statement and Plan within 28 days of the Petition Date.  If approved, the Debtor may be able to confirm its Plan and have it become effective thereunder within 30 to 45 days of the Petition Date.  Given this compressed time frame, the Debtor's resources would be better focused on stabilizing its business operations (most of which occur overseas) and focusing on finalizing the documentation necessary to implement the transactions contemplated by the Plan.

16.     The complexity of the Debtor's business operations, the Debtor's numerous creditors (many of whom are foreign creditors), and the international scope of the Debtor's operations will make it difficult to complete the Schedules and Statements within the

6

required time period. Indeed, for many creditors, the Debtor will not have received invoices within the 14-day period to determine the amounts due as of the Petition Date. Further, given the numerous critical operational matters that the Debtor's accounting and legal personnel must address in the early days of the Chapter 11 Case and the volume of information that must be compiled and reviewed, the Debtor believes that it will be unable to complete its Schedules and Statements within the time provided under Bankruptcy Rule 1007.

17. As noted above, the Debtor has a very limited workforce. Although the Debtor's personnel have retained Gapstone Group, LLC to assist in compiling and formatting information for the Schedules and Statements if required to do so, only the Debtor's personnel have the knowledge and access essential to provide the information necessary to prepare the required filings.

18. Accordingly, given the volume and complexity of the information that must be compiled and reviewed, in addition to the substantial burdens already imposed on the Debtor's management and employees by the commencement of the Chapter 11 Case, the limited number of employees available to collect the information, and the competing demands upon such employees, the Debtor submits that "cause" exists to extend the Schedules Deadline through and including July 1, 2013, which will give the Debtor a total of 62 days after the Petition Date to file the Schedules and Statements. In the event that the requirements to file the Schedules and Statements are not waived as described below, the requested extension will enhance the accuracy of the Schedules and Statements and avoid the necessity of substantial subsequent amendments.

B.  **Waiver of Requirement to File Schedules and Statements is Appropriate in Prepackaged Chapter 11 Case**

19. Generally, a debtor is required to file the Schedules and Statements to permit parties in interest to understand and assess the debtor's assets and liabilities and,

7

thereafter, negotiate and confirm a chapter 11 plan. The request for a final waiver of the requirement to file the Schedules and Statements is appropriate in a prepackaged chapter 11 case. In this Chapter 11 Case, the Debtor has already negotiated the Plan and solicited votes from those parties entitled to vote thereon. Accordingly, one of the primary justifications for requiring the filing of the Schedules and Statements does not exist in this Chapter 11 Case. Further, all of the creditors are unimpaired by the Plan except for creditors in the sole voting class. Thus, these parties will not be prejudiced by a waiver of the requirement to file the Schedules and Statements.

20. Under the circumstances of this Chapter 11 Case, the Debtor believes that the purposes of filing the Schedules and Statements have generally been fulfilled by other means and that the completion of the Schedules and Statements is extraneous and not justified given the costs to the Debtor's estate – both in terms of expenditure of financial and human resources. Accordingly, requiring the Debtor to prepare its Schedules and Statements amounts to an unnecessary burden on the estate. The Debtor submits that section 105(a) of the Bankruptcy Code empowers the Court to grant this relief.

21. As discussed previously, to prepare the Schedules and Statements, the Debtor would have to compile information from books, records, and documents relating to the claims of numerous creditors, as well as the Debtor's many assets and contracts. This information is voluminous and assembling the necessary information would require a significant expenditure of time and effort on the part of the Debtor and its employees in the near term, when these resources would be best put towards effectuating the Debtor's reorganization efforts.

22. The Debtor's request for a final waiver of the requirement to file the Schedules and Statements, if the Plan is confirmed and becomes effective before the extended

8

filing date for the Schedules and Statements, is appropriate given (a) that the Debtor has already provided a substantial portion of its secured creditors, who are sophisticated institutions represented by sophisticated legal and financial professionals, with extensive and open access to the Debtor's books and records, and such creditors have negotiated the Plan with the Debtor, and (b) the Plan proposes to pay all administrative, priority and general unsecured claims in full or otherwise render such creditors unimpaired.  These factors limit, if they do not eliminate entirely, any potential benefit that could arise from requiring the Debtor to incur the effort and cost necessary to prepare the Schedules and Statements. Therefore, the Debtor requests that if the Plan becomes effective prior to the extended filing date for the Schedules and Statements, the preparation and filing of the Schedules and Statements be permanently waived.

        23.     Bankruptcy courts have granted relief in other chapter 11 cases similar to the relief requested by the Debtor here.  *See*, *e.g.*, *In re William Lyon Homes*, Case No. 11-14019 (Bankr. D. Del. Dec. 20, 2011) [Docket No. 62] (granting 60-day extension and waiving requirement to file Schedules and Statements if plan goes effective prior to expiration of extension deadline); *In re General Maritime Corporation, et al.,* Case No. 11-15285 (MG) [Docket No. 26] (granting 30-day extension); *In re PTL Holdings LLC*, Case No. 11-12676 (Bankr. D. Del. Sept. 29, 2011 [Docket No. 128] (granting 60 days to file Schedules and Statements and waiving requirement if plan goes effective prior to extension deadline); *In re Almatis B.V., et al.*, Case No. 10-12308 (MG) [Docket No. 51] (granting 60-day extension).[4]  In fact, such relief is expressly contemplated by this Court's *Amended Procedural Guidelines for*

---

[4] The Debtor has not annexed copies of the unreported orders cited herein because of their size.  Copies of these orders, however, are available upon request of the Debtor's counsel.

9

*Prepackaged Chapter 11 Case in the United States Bankruptcy Court for the Southern District of New York*, General Order M-387, dated November 24, 2009. *See id.* at § VI.C.4.

24. Based on the foregoing, the Debtor submits that the relief requested is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted.

## NOTICE

25. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Case. The Debtor has provided notice of filing of the Motion by electronic mail, facsimile, and/or overnight mail to: (a) the office of the United States Trustee for the Southern District of New York; (b) the Debtor's 20 largest unsecured creditors; (c) counsel to the Indenture Trustee; (d) counsel to the Steering Group; and (e) the United States Securities and Exchange Commission. Due to the nature of the relief requested herein, the Debtor submits that no other or further notice is required. A copy of the Motion is also available on the website of the Debtor's claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://dm.epiq11.com/newland.

## NO PRIOR REQUEST

26. No prior motion for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: April 30, 2013
       New York, New York

Respectfully submitted,

/s/ J. Eric Wise
J. Eric Wise
Shira D. Weiner
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York  10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION

# EXHIBIT A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
IN RE: : Chapter 11
:
NEWLAND INTERNATIONAL : Case No. _____
PROPERTIES, CORP., :
:
:
     Debtor. :
:
---------------------------------------------------------------x

**ORDER (A) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS; AND (B) WAIVING REQUIREMENT TO FILE SAME IF PLAN BECOMES EFFECTIVE PRIOR TO EXPIRATION OF SUCH EXTENSION**

Upon consideration of the motion (the "*Motion*")[1] of Newland International Properties, Corp., as debtor and debtor in possession in the above-captioned chapter 11 case (the "*Debtor*"), for entry of an order (a) extending the time to file Schedules and Statements; and (b) waiving the requirement to file the Schedules and Statements if the Plan becomes effective prior to the expiration of the Extension Period; and upon the Saravia Declaration in support thereof; and the Court having found that it has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that jurisdiction and venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

therein at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted to the extent set forth herein.

2. The Debtor is granted an extension of the time provided for under Federal Bankruptcy Rule 1007(c) to file the Schedules and Statements, which will provide the Debtor with a total of 62 days after the Petition Date to file the Schedules and Statements, with such date being and including July 1, 2013.

3. The requirement that the Debtor file its Schedules and Statements shall be permanently waived upon the effective date of the Plan, *provided* that such effective date occurs within 62 days after the Petition Date.

4. Entry of this Order shall be without prejudice to the Debtor's right to seek further extensions of time within which to file its Schedules and Statements or to seek other relief from the Court regarding the filing of, or waiver of the requirement to file, the Schedules and Statements.

5. Notwithstanding any possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      6.      This Court shall retain exclusive jurisdiction to enforce the terms of this Order.

Dated: _____, 2013
       New York, New York

                                                                                      _____
                                                                                UNITED STATES BANKRUPTCY JUDGE