Hearing Date and Time: May 17, 2013 at 10:00 a.m.
Response Deadline: May 13, 2013 at 5:00 p.m.[1]

David M. Friedman
Daniel A. Fliman
Nii-Amar Amamoo
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for Trump Marks Panama LLC,*
*Trump Panama Hotel Management LLC, and*
*Trump Panama Condominium Management LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NEWLAND INTERNATIONAL PROPERTIES, CORP., | Case No. 13-11396 (MG) |
| Debtor. | |

**TRUMP PARTIES' JOINDER TO DEBTOR'S MOTION
FOR AUTHORITY TO FILE UNDER SEAL CONFIDENTIAL
INFORMATION CONTAINED IN PLAN SUPPLEMENT**

Trump Marks Panama LLC, Trump Panama Hotel Management LLC and Trump Panama Condominium Management LLC (collectively, the "**Trump Parties**") hereby join the motion filed by the above-captioned debtor (the "**Debtor**") requesting, *inter alia*, authority to file under seal confidential information contained in certain plan-related documents (the "**Motion**"), and respectfully submit as follows:

---

[1] Extended with consent from the Debtor.

1.  The Debtor is party to various agreements with the Trump Parties, including, without limitation, a license agreement, hotel management agreement and condominium management agreement (collectively, the "**Trump Agreements**").

2.  In connection with the Debtor's anticipated restructuring, the Debtor, the Trump Parties and other key stakeholders engaged in extensive arms-length negotiations concerning potential amendments to the Trump Agreements. Those negotiations resulted in agreements-in-principle (which remain subject to ongoing negotiation and documentation) whereby the Trump Parties would make concessions to the Debtor in connection with its restructuring. The Debtor describes those concessions as "critical to the operation of Trump Ocean Club, the Debtor's business and the success of the Plan." (*See* Disclosure Statement [Docket No. 12] at 30.) The Disclosure Statement contains a general overview of the Trump Agreements and the Trump Parties' anticipated concessions related thereto, (*id.* at 28-30) which the Trump Parties believe is sufficient to meet the requirements of section 1125 of the Bankruptcy Code.

3.  As a material condition to the anticipated concessions by the Trump Parties, "the Debtor has agreed . . . to maintain the confidentiality of specific terms and conditions of the Hotel Agreements and Concessionary Amendments, which may be disclosed only on a need to know basis . . . subject to execution of a confidentiality agreement with respect to such agreements." (Disclosure Statement at 30.) The Debtor's agreement to maintain the confidentiality of information contained in the Trump Agreements and the anticipated concessionary amendments (the "**Amendments**") was always and remains an important requirement for the Trump Parties, without which the Trump Parties would need to reassess how to proceed concerning the contemplated concessions.

4. In the Motion, the Debtor seeks relief necessary to protect the confidentiality of "commercial information relating to pricing, fees and other agreed terms" contained in the Trump Agreements and the Amendments (collectively the "**Confidential Information**"). (Motion at ¶ 16).[2]

5. The Confidential Information is entitled to protection under section 107(b)(1) of the Bankruptcy Code, which provides that a bankruptcy court may "protect an entity with respect to . . . confidential information." 11 U.S.C. § 107(b); *see also In re Borders Group, Inc. et al.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) ("by its terms, the protections afforded in section 107(b)(1) do not just extend to a debtor."). "For purposes of section 107(b), commercial information includes information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the [party seeking protection]." *Id.* at 47 (citations omitted). "Commercial information" also "includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors." *Id.* (citations omitted).

6. The Confidential Information constitutes "commercial information" of the Trump Parties and the Debtor and must be protected. First, the Trump Parties and their affiliates are parties to licensing and management agreements throughout the world, and routinely demand from counter-parties strict confidentiality of all substantive terms. Indeed, the Trump Parties believe that such confidentiality is a standard requirement in licensing and management agreements, including those of their competitors. Disclosure of the Confidential Information would provide a materially unfair advantage to the Trump Parties' competitors, as well as to

---

[2]   The Trump Parties understand that the Debtor intends to submit copies of the Trump Agreements and the Amendments, with any proposed redactions, to the Court and Office of United States Trustee prior to the hearing on the Motion.

3

existing and potential counterparties worldwide and, thus, would be highly prejudicial to the Trump Parties and their affiliates and to their existing and prospective business relationships. <u>Second</u>, disclosure of the Confidential Information would have a chilling effect on ongoing negotiations between the Debtor and the Trump Parties, threatening the Debtor's restructuring. Confidentiality was and remains a prerequisite of any agreement with the Debtor, without which the Trump Parties may not be willing to proceed.  And, without the extensive concessions being contemplated, the Debtor's prospects for reorganization would diminish and its plan process would be derailed.

7. Accordingly, it is imperative to the dealings between the Debtor and the Trump Parties and to the Debtor's restructuring that the Debtor be authorized to take steps necessary to protect and maintain the confidentiality of the Confidential Information.  Moreover, given the highly sensitive nature of the Confidential Information and the importance that this issue presents to the Trump Parties, the order granting the Motion should provide that the Trump Parties will be permitted to review and approve redactions, if any, prior to filing and that any party permitted to access the Confidential Information be subject to a confidentiality agreement satisfactory to the Trump Parties.

Dated:  May 13, 2013
        New York, New York

By: /s/ David M. Friedman
David M. Friedman
Daniel A. Fliman
Nii-Amar Amamoo
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile:  (212) 506-1800

*Attorneys for Trump Marks Panama LLC, Trump Panama Hotel Management LLC, and Trump Panama Condominium Management LLC*