**GIBSON, DUNN & CRUTCHER LLP**
J. Eric Wise
Shira D. Weiner
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Proposed Attorneys for the Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                :

IN RE:               :    **Chapter 11**
                :

**NEWLAND INTERNATIONAL**    :    **Case No. 13-11396 (MG)**
**PROPERTIES, CORP.,**       :
                :

    **Debtor.**         :
                :

------------------------------------------------------------x

**NOTICE OF SUPPLEMENT TO REPLY TO UNITED STATES**
**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY**
**OF AN ORDER AUTHORIZING THE DEBTOR TO FILE UNDER**
**SEAL CERTAIN CONFIDENTIAL PLAN SUPPLEMENT DOCUMENTS**

PLEASE TAKE NOTICE that on May 15, 2013, the Debtor filed its *Reply to United States Trustee's Objection to Debtor's Motion for Entry of an Order Authorizing the Debtor to File Under Seal Certain Confidential Plan Supplement Documents* [Docket No. 52] (the "***Reply***") in connection with the *Debtor's Motion for Entry of an Order Authorizing the Debtor to File Under Seal Certain Confidential Plan Supplement Documents* filed on May 6, 2013 [Docket No. 35] (the "***Motion***")[1] that is scheduled to be heard before the Honorable Martin

---

[1]   Capitalized terms used and not otherwise defined herein shall meanings ascribed to them in the Motion.

Glenn in the United States Bankruptcy Court for the Southern District of New York on May 17, 2013 at 10:00 a.m. (prevailing U.S. Eastern Time).

PLEASE TAKE FURTHER NOTICE that, upon further consideration and in consultation with the Trump Parties, the Debtor has modified the scope of the relief requested in the Motion.  The original proposed form of order attached as Exhibit A to the Motion (the "***Original Proposed Order***") has been revised to reflect these modifications.  The revised proposed form of order is attached hereto as **Exhibit A** (the "***Revised Proposed Order***"), and a blackline indicating the differences between the Revised Proposed Order and the Original Proposed Order is annexed hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that, in furtherance of the relief requested in the Motion (and as modified by the Revised Proposed Order), the Debtor and the Trump Parties have prepared a non-disclosure and confidentiality agreement, a copy of which is annexed hereto as **Exhibit C**, to be executed by parties seeking to view the Confidential Documents, other than the United States Trustee, as and to the extent provided for in the Motion and the Reply.

Dated: May 16, 2013
      New York, New York

/s/ J. Eric Wise
J. Eric Wise
Shira D. Weiner
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

2

**<u>Exhibit A</u>**

**Revised Proposed Order (Clean)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                                          :
IN RE:                                          :        **Chapter 11**
                                                          :
**NEWLAND INTERNATIONAL**                       :        **Case No. 13-11396 (MG)**
**PROPERTIES, CORP.,**                          :
                                                          :
    **Debtor.**                      :
                                                          :
----------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL
### CERTAIN CONFIDENTIAL PLAN SUPPLEMENT DOCUMENTS

Upon consideration of the motion (the "***Motion***") of Newland International Properties,

Corp., as debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case

(the "***Chapter 11 Case***") [Docket No. 35], for entry of an order pursuant to Bankruptcy Code §

107 and Bankruptcy Rule 9018, authorizing the Debtor to:  (a) file under seal and redact certain

Confidential Documents[1] contained in the Plan Supplement that will be filed in connection with

the *Prepackaged Plan of Reorganization for the Debtor Under Chapter 11 of the Bankruptcy*

*Code*, dated March 29, 2013 [Docket No. 11] (the "***Plan***") and in other disclosures, applications,

motions, and other pleadings related to such Confidential Documents (collectively,

"***Disclosures***") filed publicly with the Court; (b) file an unredacted copy of the Confidential

Documents and related Disclosures with the Court under seal and provide a copy of the

Confidential Documents and related Disclosures to (i) the United States Trustee for the Southern

District of New York (the "***United States Trustee***"), (ii) professionals for (x) the Official

Committee of Unsecured Creditors (the "***Committee***"), if appointed, and (y) the Steering Group,

---

[1] Unless otherwise indicated, capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

and (iii) any Noteholder; provided that each of the foregoing other than the United States Trustee executes an appropriate confidentiality agreement in form and substance reasonably acceptable to the Debtor and the Trump Parties; and upon consideration of the *United States Trustee's Objection to Debtor's Motion for Entry of an Order Authorizing the Debtor to File Under Seal Certain Confidential Plan Supplement Documents*, dated May 15, 2013 [Docket No. 44] (the "***Objection***"); and upon consideration of the Debtor's *Reply to United States Trustee's Objection to Debtor's Motion for Entry of an Order Authorizing the Debtor to File Under Seal Certain Confidential Plan Supplement Documents*, dated May 15, 2013 [Docket No. 52] (the "***Reply***"); and upon consideration of the (i) *Trump Parties' Joinder to Debtor's Motion for Authority to File Under Seal Confidential Information Contained in Plan Supplement*, dated May 13, 2013 [Docket No. 47] and (ii) *Joinder of Steering Group to Debtor's Motion for Authority to File Under Seal Confidential Information Contained in Plan Supplement, and to the Debtor's Reply*, dated May 15, 2013 [Docket No. 56] (together, the "***Joinders***"); and it appearing that the relief requested in the Motion is appropriate in the context of these cases and in the best interests of the Debtor and its estate; the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.     The Motion is approved, and the Objection, to the extent unresolved, is overruled, to the extent set forth herein.

2.    In connection with the Plan Supplement and any related Disclosures, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtor may (i) file the New Amendments (as defined in the Reply) in redacted form (the "***Redacted Disclosure***") and (ii) file the Trump Agreements (as defined in the Reply) under seal in their entirety (the "***Sealed Disclosures***").

3.    The Debtor shall (i) file on the Court's docket the Plan Supplement with the Redacted Disclosure and without the Sealed Disclosures and (ii) serve a notice of such filing on all parties entitled to notice thereof under the Bankruptcy Code, the Bankruptcy Rules or any other applicable order.

4.    The clerk of the Bankruptcy Court shall accept for filing under seal (i) copies of the Trump Agreements, and (ii) unredacted copies of the New Amendments, and any related Disclosures publicly filed in redacted form pursuant to this Order (collectively, the "***Unredacted Disclosures***").

5.    The Unredacted Disclosures shall be available to the Court, but otherwise shall remain under seal and may not be unsealed unless and until authorized by an order of the Court.

6.    The Debtor shall serve a copy of any Unredacted Disclosure, permitted pursuant to this Order, on (a) the United States Trustee, (b) professionals for (i) the Committee, if appointed, and (ii) the Steering Group, and (c) any Noteholder; provided that each of the foregoing other than the United States Trustee executes an appropriate confidentiality agreement in form and substance reasonably acceptable to the Debtor and the Trump Parties. Notwithstanding anything contained herein to the contrary and for the avoidance of doubt, any party who receives the Unredacted Disclosures in accordance with this Order shall not disclose

or otherwise disseminate such Unredacted Disclosures to any other person or entity and shall

keep the Unredacted Disclosures confidential.

       7.      The Debtor shall provide a copy of any Unredacted Disclosures as required by an

order of this Court or other Court of competent jurisdiction.

       8.      Entry of this Order is without prejudice to the rights of any party in interest or the

U.S. Trustee to request the entry of an order to unseal the Confidential Documents or

Disclosures.

       9.      The clerk of the Bankruptcy Court shall treat the Unredacted Disclosures as

confidential and counsel for the Debtor shall contact the Clerk's Office regarding the return or

disposition of the Unredacted Disclosures within ten (10) days after the Effective Date of the

Plan.

      10.      This Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2013
      New York, New York

                                  _____
                                    THE HONORABLE MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Revised Proposed Order (Blackline)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x---
                   :
IN RE:                        :     **Chapter 11**
                   :
**NEWLAND INTERNATIONAL**     :     **Case No. 13-11396 (MG)**
**PROPERTIES, CORP.,**          :
                   :
     **Debtor.**             :
                   :
------------------------------------------------------ x
-

## ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL CERTAIN CONFIDENTIAL PLAN SUPPLEMENT DOCUMENTS

Upon consideration of the motion (the "***Motion***") of Newland International Properties,

Corp., as debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case

(the "***Chapter 11 Case***") [Docket No. 35], for entry of an order pursuant to Bankruptcy Code §

107 and Bankruptcy Rule 9018, authorizing the Debtor to:  (a) file under seal and redact certain

Confidential Documents[1] contained in the Plan Supplement that will be filed in connection with

the *Prepackaged Plan of Reorganization for the Debtor Under Chapter 11 of the Bankruptcy*

*Code*, dated March 29, 2013 [Docket No. 11] (the "***Plan***") and in other disclosures, applications,

motions, and other pleadings related to such Confidential Documents (collectively,

"***Disclosures***") filed publicly with the Court (each redacted Disclosure, a "***Redacted***

***Disclosure***"); (b) file an unredacted copy of the Confidential Documents and related Disclosures

("***Unredacted Disclosures***") with the Court under seal; and (c) provide a copy of the

Unredacted Confidential Documents and related Disclosures to (i) the United States Trustee for

the Southern District of New York (the "***United States Trustee***"), (ii) professionals for (x) the

Official Committee of Unsecured Creditors (the "***Committee***"), if appointed, and (y) the Steering

---

[1]  Unless otherwise indicated, capitalized terms not otherwise defined herein shall have the meanings ascribed to
them in the Motion.

1

Group, and (iii) any Noteholder; provided that each of the foregoing other than the United States

Trustee executes an appropriate confidentiality agreement in form and substance reasonably

acceptable to the Debtor and the Trump Parties; and upon consideration of the *United States*

*Trustee's Objection to Debtor's Motion for Entry of an Order Authorizing the Debtor to File*

*Under Seal Certain Confidential Plan Supplement Documents*, dated May 15, 2013 [Docket No.

44] (the "***Objection***"); and upon consideration of the Debtor's *Reply to United States Trustee's*

*Objection to Debtor's Motion for Entry of an Order Authorizing the Debtor to File Under Seal*

*Certain Confidential Plan Supplement Documents*, dated May 15, 2013 [Docket No. 52] (the

"***Reply***"); and upon consideration of the (i) *Trump Parties' Joinder to Debtor's Motion for*

*Authority to File Under Seal Confidential Information Contained in Plan Supplement*, dated

May 13, 2013 [Docket No. 47] and (ii) *Joinder of Steering Group to Debtor's Motion for*

*Authority to File Under Seal Confidential Information Contained in Plan Supplement, and to the*

*Debtor's Reply*, dated May 15, 2013 [Docket No. 56] (together, the "***Joinders***"); and it appearing

that the relief requested in the Motion is appropriate in the context of these cases and in the best

interests of the Debtor and its estate; the Court having reviewed the Motion and having

considered the statements in support of the relief requested therein at a hearing before the Court

(the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED:**

1.        The Motion is approved, and the Objection, to the extent unresolved, is overruled,

to the extent set forth herein.

2.      In connection with the Plan Supplement and any related Disclosures, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtor may (i) file the *New Amendments (as defined in the Reply) in redacted form (the "**Redacted Disclosure**") and (ii) file the* Trump Agreements (as defined in the Reply) under seal in their entirety~~, and (ii) file the New Amendments in redacted form (together, (~~*t*he "~~**Redacted Disclosure**~~**Sealed Disclosures**").

3.      The Debtor shall (i) file on the Court's docket the Plan Supplement with the Redacted *Disclosure and without the Sealed* Disclosures and (ii) serve a notice of ~~the~~*such* filing~~of the Plan Supplement and the Redacted Disclosures~~ on all parties entitled to notice thereof under the Bankruptcy Code, the Bankruptcy Rules or any other applicable order.

4.      The clerk of the Bankruptcy Court shall accept for filing under seal (i) *copies of* the Trump Agreements~~, which shall remain under seal in their entirety~~, and (ii) unredacted copies of the New Amendments, and any related Disclosures publicly filed in redacted form pursuant to this Order (~~defined in~~*collectively,* the ~~Motion as~~ "***Unredacted Disclosures***").

5.      The Unredacted Disclosures shall be available to the Court, but otherwise shall remain under seal and may not be unsealed unless and until authorized by an order of the Court.

6.      The Debtor shall serve a copy of any Unredacted Disclosure, permitted pursuant to this Order, on (a) the United States Trustee, (b) professionals for (i) the Committee, if appointed, and (ii) the Steering Group, and (c) any Noteholder; provided that each of the foregoing other than the United States Trustee executes an appropriate confidentiality agreement in form and substance reasonably acceptable to the Debtor and the Trump Parties. Notwithstanding anything contained herein to the contrary and for the avoidance of doubt, any party who receives the Unredacted Disclosures in accordance with this Order shall not disclose

or otherwise disseminate such Unredacted Disclosures to any other person or entity and shall keep the Unredacted Disclosures confidential.

7.    The Debtor shall provide a copy of any Unredacted Disclosures as required by an order of this Court or other Court of competent jurisdiction.

8.    Entry of this Order is without prejudice to the rights of any party in interest or the U.S. Trustee to request the entry of an order to unseal the Confidential Documents or Disclosures.

9.    The clerk of the Bankruptcy Court shall treat the Unredacted Disclosures as confidential and counsel for the Debtor shall contact the Clerk's Office regarding the return or disposition of the Unredacted Disclosures within ten (10) days after the Effective Date of the Plan.

10.   This Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2013
New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit C**

**Non-Disclosure Agreement**

## NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

This NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT (this "Agreement") is made and entered into as of _____, 2013 (the "Effective Date") by and among (i) Newland International Properties, Corp. ("Newland" or the "Debtor") and (ii) _____ (the "Recipient" and, together with Newland, the "Parties").

## RECITALS

WHEREAS on April 30, 2013, Newland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (Case No. 13-11396 (MG)) and is presently operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS on May [____], 2013, the Court entered the *Order Authorizing the Debtor to File Under Seal Certain Confidential Plan Supplement Documents* [Docket No. ____], authorizing the Debtor, pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, to (a) redact certain confidential documents contained in the plan supplement filed publicly with the Court in connection with the *Prepackaged Plan of Reorganization for the Debtor Under Chapter 11 of the Bankruptcy Code*, dated March 29, 2013 [Docket No. 11] (as may be amended and/or supplemented, the "Plan") and any other related disclosures (collectively, the "Redacted Disclosures"); (b) file unredacted copies of the Redacted Disclosures and certain other confidential documents contained in such plan supplement with the Court under seal (collectively, the "Disclosures"); and (c) provide unredacted copies of the Disclosures to certain parties as provided for therein to the extent that such parties, other than the United States Trustee for the Southern District of New York, execute an appropriate confidentiality agreement in form and substance reasonably acceptable to Newland and to Trump Marks Panama LLC, Trump Panama Condominium Management LLC and Trump Panama Hotel Management LLC (collectively, the "Trump Parties").

NOW, THEREFORE, in consideration thereof, each of the Parties agrees as follows:

## AGREEMENT

1.      Newland will provide unredacted copies of all the Disclosures to the Recipient upon their execution of this Agreement; *provided*, *however*, that the foregoing shall be conditioned upon Newland's prior receipt of the Trump Parties' written approval of the form and substance of this Agreement among Newland and the Recipient, which approval may be deemed obtained if the Court, upon proper notice to the Trump Parties, finds that approval was unreasonably withheld by the Trump Parties.

2.      The Recipient agrees that it (a) shall keep any Confidential Information (as defined below) strictly confidential, (b) shall not disclose any Confidential Information to any person in any manner whatsoever, in whole or in part and (c) shall use the Confidential

Information solely for the purpose of evaluating, negotiating, supporting and/or consummating the transactions contemplated in the Plan.

3.    The term "Confidential Information" shall include (i) any and all information contained within the Disclosures whether furnished before or after the Effective Date, whether oral, written or electronic, and regardless of the manner in which it was furnished, provided, however, that any unredacted portions of the Redacted Disclosures publicly filed by Newland shall not constitute Confidential Information and (ii) all notes, analyses, compilations, studies, interpretations or other documents prepared by the Recipient which contain, reflect or are based upon or derived from, in whole or in part, any Confidential Information, and which, if disclosed, would be tantamount to disclosing Confidential Information.    However, "Confidential Information" shall not include any portion of the Confidential Information that (a) is already in the Recipient's possession, provided that such information was not provided to Recipient by Newland or its representatives or affiliates, and provided, further, that such information is not known by the Recipient to be subject to a legal, fiduciary or contractual obligation of confidentiality to Newland or the Trump Parties, (b) is or becomes generally available to the public (other than as a result of its disclosure by the Recipient in breach of this Agreement), (c) was, is, or becomes available to the Recipient on a non-confidential basis from a source other than Newland, the Trump Parties or one of their affiliates or representatives, which to the Recipient's knowledge is not prohibited from disclosing such information to the Recipient by a legal, contractual, or fiduciary obligation to Newland or the Trump Parties, (d) is independently developed by the Recipient without use of the Confidential Information and otherwise not in violation of this Agreement, (e) was lawfully in the possession of the Recipient before the Confidential Information was disclosed to it by the Newland, the Trump Parties or one of their affiliates or representatives and is not known by the Recipient to be subject to a legal, fiduciary or contractual obligation of confidentiality to Newland or the Trump Parties, (f) Newland, the Trump Parties and the Recipient agree in writing is not confidential or may be disclosed.

4.    Recipient understands and agrees that it will receive Confidential Information solely for the purpose of enabling it to evaluate, negotiate, support and/or consummate the Plan, and that the Confidential Information may not and shall not be used by Recipient, directly or indirectly, for any other purpose.  Recipient further understands and agrees that it shall acquire no right, title or interest in, or licenses to use, any Confidential Information because of Newland's disclosure to the Recipient pursuant hereto and all Confidential Information disclosed to it shall remain the exclusive property of Newland and the Trump Parties.  At any time, upon Newland's written request and for any reason, the Recipient shall promptly, at its election, deliver to Newland or delete and destroy all the Disclosures and all other written Confidential Information (and all copies thereof and extracts therefrom) that has been theretofore furnished to Recipient by Newland.

5.    The Parties each acknowledge and agree that (a) the Trump Parties are intended third party beneficiaries of this Agreement and (b) the Trump Parties shall have the independent right to legally enforce and to exercise all rights and remedies under this Agreement to the same extent as if they each were a Party and a signatory to this Agreement.

6.    If the Recipient is required by applicable law or regulation or is requested in any judicial, regulatory, criminal or administrative investigation or proceeding, to disclose any

Confidential Information or other information governed under this Agreement, then the Recipient shall: (a) provide Newland and the Trump Parties with prompt written notice of such requirement or request; and (b) use commercially reasonable efforts to avoid and, if not avoidable, to minimize disclosure of such Confidential Information or other information, as applicable, and to the extent not prohibited by law.

7.    Notices, approvals, consents or other communications under or in connection with this Agreement shall be delivered to the following by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) overnight delivery service, charges prepaid:

Newland:        Newland International Properties, Corp.
                Trump Ocean Club
                Avenida Calle 82 # 10-33 Oficina 1001
                Bogota, Columbia
                Attention: Carlos Saravia, Chief Operating Officer

                -- with copies to –

                Gibson, Dunn & Crutcher LLP
                200 Park Avenue
                New York, New York 10166
                Attention: Kevin W. Kelley, Esq.
                           J. Eric Wise, Esq.
                           Shira D. Weiner, Esq.

                -- and –

                Adames, Duran, Alfaro & Lopez
                Calle 50, Torre Global Bank
                Piso 24, Oficina 2406
                Panama, Republic of Panama
                Attention: Nadiuska López de Abood
                           Beatriz L. Romero Alfaro

Trump Parties:  Trump Marks Panama LLC,
                Trump Panama Condominium Management LLC,
                Trump Panama Hotel Management LLC
                C/O The Trump Organization
                725 Fifth Avenue
                New York, New York 10022
                Attention: Dan Harris, Esq.
                           Jason Blacksberg, Esq. (each in separately
                           addressed envelopes)

8.    This Agreement may be executed in one or more counterparts and shall be governed by the laws of the State of New York, without regard to principles of conflicts of laws. The Parties hereby submit to the jurisdiction of the United States Bankruptcy Court for the

3

Southern District of New York to hear and determine any and all disputes arising out of or in connection with this Agreement.

       IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date.

**NEWLAND INTERNATIONAL**       **RECIPIENT**
**PROPERTIES, CORP.**

By: _____       By: _____

Name: _____       Name: _____

Title: _____       Title: _____

4